

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 4:19-CR-320-Y |
| DEBRA MORGAN (1) | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Debra Morgan (the defendant), the defendant's attorney, Justin Sparks, and the government, agree as follows:

1. **Rights of the Defendant**: The defendant understands that she has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights, waives any defenses she may have based on any statute of limitations, waives the right to receive any further discovery from the government, and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1343, that is wire fraud. The defendant understands the nature and elements of the crime to which

Plea Agreement - Page 1

she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

    3.    **Sentence**:    The maximum penalties the Court can impose are as follows:

        a.    imprisonment for a period not more than 20 years;

        b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victims;

        c.    a term of supervised release of up to 3 years which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

        d.    a mandatory special assessment of $100;

        e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct of the scheme to defraud, not limited to that arising from the offense of conviction alone; and

        f.    costs of incarceration and supervision.

    4.    **Court's sentencing discretion and role of the Guidelines**:    The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court, and she will not be allowed to withdraw her plea if her sentence is higher than expected.

5. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Restitution.** Pursuant to 18 U.S.C. § 3663(a), the defendant agrees to pay restitution for losses resulting from all of her criminal conduct, including all relevant conduct and other criminal conduct related or similar to her offense of conviction, as determined by the Court. The defendant further understands and agrees that restitution will not be limited to losses stemming from the offense of conviction alone. The defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. The defendant's agrees to cooperate with the government. The defendant understands that the cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within her possession or control requested by the government regarding her financial condition; and (D) fully and truthfully answering all questions regarding her past and present financial condition in such interview(s).

7. **Defendant's cooperation with financial investigation**: In order to assist in the collection of fines and restitution, the defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The

defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy her full and immediately enforceable financial obligation. The defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Defendant's testimony**: The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which she has knowledge. If she chooses to do so, however, her testimony must be complete and truthful. Incomplete or dishonest testimony will be a breach of this agreement.

9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.

10. **Violation of agreement**: The defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant

waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives her right to contest her conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the

rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

14. **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

15. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 21 day of October, 2019.

*Debra Morgan*
Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

*[signature]*

NANCY E. LARSON
Assistant United States Attorney
D.C. Bar No. 430780
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile: 817.978.3094

*[signature]*
Attorney for Defendant

*[signature]*
ALEX LEWIS
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*Debra Morgan*
DEBRA MORGAN
Defendant

10/21/19
Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

*[signature]*
JUSTIN SPARKS
Attorney for Defendant

10/21/19
Date

Plea Agreement - Page 7